```
            UNITED STATES BANKRUPTCY COURT
           FOR THE NORTHERN DISTRICT OF IOWA
                    WESTERN DIVISION
```

IN RE:

DAVID LEE VAN WESTEN                            Chapter 7
ELAINE K. VAN WESTEN

　　Debtors.                        Bankruptcy No. 06-01006S


                        ORDER RE:
            TRUSTEE'S MOTION TO EXTEND STAY
            AND STATUS OF PERSONAL PROPERTY

　　The trustee has filed a motion asking the court to extend the temporal coverage of the automatic stay as to a 2005 Chevy Cavalier and to continue the status of the vehicle as property of the estate.  This is a core proceeding under 28 U.S.C. § 157(b)(2)(A).

　　Debtors filed their bankruptcy petition initiating this chapter 7 case on August 30, 2006.  They scheduled a property interest in the vehicle.  Debtors also scheduled HSBC (hereinafter "secured creditor") as holding a claim secured by an interest in the vehicle.  The vehicle was not claimed exempt on schedule C.  Debtors filed a Statement of Intention and stated that as to the vehicle, the debt to the secured creditor would be reaffirmed.  There is no indication in the schedules whether or not the creditor's purported security interest is a purchase money security interest.

　　The meeting of creditors was held and concluded on September 25, 2006.  There is nothing in the docket to indicate whether the

debtors and secured creditor have entered into a reaffirmation agreement or whether debtors redeemed the personal property. Neither a reaffirmation agreement nor a motion to redeem has been filed.

Trustee's motion alleges that pursuant to 11 U.S.C. § 521(a)(6) the stay will terminate with respect to the vehicle, and it will no longer be property of the estate if debtors fail either to enter into a reaffirmation agreement with secured creditor or to redeem the vehicle within 45 days after the meeting of creditors.  This is so, only if secured creditor has an allowed claim, and it is secured by a purchase money security interest.

The court may, on motion by the trustee, and after notice and hearing, extend the stay as to the vehicle and continue its status as property of the estate, if the court determines that the vehicle is of consequential value or benefit to the estate, and if the court orders appropriate adequate protection of the secured creditor's interest in the vehicle, and orders the debtors to deliver the property to the trustee.  The trustee asks for such an order because he says that the secured creditor has not responded to his efforts to confirm the creditor's security interest in the vehicle.  He says he has requested documentation of its interest.  The trustee apparently fears the loss of any equity for the estate before he can find out if such value

exists.

At this juncture, it would appear that neither the coverage of the vehicle by the automatic stay nor the status of the vehicle as property of the estate is in jeopardy.  The secured creditor has not filed a proof of claim.  Therefore the claim of the creditor has neither been actually allowed or deemed allowed.  This is one of the prerequisites to the consequences set out in 11 U.S.C. § 521(a)(6).  When and if the creditor files a claim, the trustee will likely receive the documentation he seeks.  Once the trustee examines the claim, he can decide to accept the status of the claimant or he can object.  It would appear that the trustee's need for the order he requests might be premature under § 526(a)(6).

Although the trustee has not cited the section, 11 U.S.C. § 362(h) also may be applicable, and possibly damaging to the interests of the estate.  Under that section, in the case of an individual debtor, the stay is terminated with respect to personal property of the estate which secures a claim, and such property shall no longer be property of the estate, if debtor fails timely to file a statement of intention as required under 11 U.S.C. § 521(a)(2) with respect to the personal property AND timely to take action as specified in the statement of intention.  Failure to take action will not be grounds for stay termination or for the property being excepted from the estate if a debtor's

3

statement offers to reaffirm on the agreement's original contractual terms and the secured creditor refuses to agree.  11 U.S.C. § 362(h)(1)(B).

The statement of intention must be filed within 30 days after the filing of the chapter 7 petition or on or before the date of the meeting of creditors, whichever is earlier.  11 U.S.C. § 521(a)(2)(A).  The debtor must perform the stated intention within 30 days after the first date set for the meeting of creditors.  11 U.S.C. § 521(a)(2)(B).  In the pending case, debtors have timely filed a statement of intention indicating they will retain the vehicle and reaffirm the debt.  However, one cannot determine from the docket whether the debtors have reaffirmed the debt.  To be enforceable, reaffirmation agreements must be filed with the court, but that does not mean the debtors have to file them on any particular date during the pendency of the case.  Debtors may have entered into a reaffirmation agreement with the secured creditor on the vehicle, but not yet filed it.  The court is unable to determine if debtors have timely reaffirmed the debt within the requirements of 11 U.S.C. § 521(a)(2)(B).  The time to do so had not expired before the trustee filed his motion.

The court may extend the temporal coverage of the stay as to the vehicle and it may continue its status as property of the estate under 11 U.S.C. § 362(h), if it determines, after notice

4

and hearing, that the property is of consequential value or benefit to the estate, it orders appropriate adequate protection of the creditor's interest in the vehicle and orders delivery of the vehicle to the trustee.  The requirements are the same as those stated in the trustee's motion under 11 U.S.C. § 521(a)(6).

With regard to such motions, the court has tried to find a way to resolve them without hearings in every instance.  Often hearings are a waste of time because the secured creditor not only does not provide the documentation, but fails to attend the hearings.  To permit the trustee to present evidence on the issue, he would be required to conduct discovery not knowing if the creditor resists.  I believe the best course is to require the trustee to serve his motion with notice of a bar date for the secured creditor's resistance.

IT IS ORDERED that the trustee shall serve his motion on HSBC with a notice of filing and a bar date for resistance.  The bar date shall be at least 15 days from the date of service.  The notice shall inform HSBC that it shall have to and including the bar date to serve a resistance or other response to the trustee's motion.  The resistance must attach documents supporting the creditor's security interest in the personal property or it shall certify that voluminous supporting documents were separately served on the trustee as of the date of the certification.  The response must state whether the creditor objects to the extension

of the stay or the continuation of the status of the property as property of the estate.

    IT IS FURTHER ORDERED that if the creditor resists the motion, it shall be set for hearing.  If the creditor states it does not resist the motion, the motion will be granted without further notice or hearing.

    IT IS FURTHER ORDERED that if the creditor does not file a resistance or other response to the motion, the court will enter an order granting the trustee's motion, which order will extend the protection of the stay as to the personal property, continue its status as property of the estate, provide for no adequate protection of the creditor's interest, if any, and shall order the debtor to deliver the personal property to the trustee.

    DATED AND ENTERED  October 26, 2006.

                                    William L. Edmonds, Chief Bankruptcy Judge